Henry M. DEEL

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 75–0097–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 18, 1975.

William H. Robinson, Abingdon, Va., for
plaintiff.

Ronald D. Hodges, Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging
the final decision of the Secretary of
Health, Education and Welfare denying his
claim for "black lung" benefits under the
Federal Coal Mine Health and Safety Act
of 1969, as amended, 30 U.S.C. § 901 *et seq.*
Jurisdiction is pursuant to § 413(b) of the
Act, 30 U.S.C. § 923(b) which incorporates
§ 205(g) of the Social Security Act, 42
U.S.C. § 405(g). The issues to be decided
by this court are whether the Secretary's
decision is supported by "substantial evidence," and if it is, this court must affirm,
or whether there is "good cause" to justify
remanding the case to the Secretary for
further consideration.

The plaintiff, Henry M. Deel, was born
on January 1, 1889. Mr. Deel did not attend school and it would appear that he is
functionally illiterate. In an opinion adopted as the final decision by the Secretary,
the Administrative Law Judge found that
the record in this case established "7¼ years
coal mine employment." (TR 10). Apparently, in making this determination, the
Administrative Law Judge relied heavily on
quarters of coverage described in Mr. Deel's
earnings record and statements from the
Harman Mining Corporation. In the formal findings, the Law Judge noted "many
years" of coal mine employment. However,
it would seem that the Judge evaluated Mr.

Deel's claim on the basis of the determination of seven years of mining employment. This is apparent because there is *no indication* that the Law Judge considered the application of the various administrative presumptions of pneumoconiosis such as 20 C.F.R. §§ 410.414(b), 410.416, and, especially, 410.490(b), which are available only to miners with ten or more years of coal mining service. The court notes that this finding as to the extent of mining employment is crucial to Mr. Deel's claim. The medical record contains evidence of a pulmonary function study which revealed spirometric measurements that would otherwise qualify plaintiff for a presumption of total disability due to pneumoconiosis under 20 C.F.R. § 410.414(b)(1)(ii).

The court has concluded that the Administrative Law Judge's analysis of Mr. Deel's employment history is woefully inadequate. The Law Judge made several references to "statements" made by Mr. Deel in written applications and comments concerning his claim. (TR 10). Mr. Deel is purported to have "indicated" on one occasion that he worked as a miner for 14 years and on another occasion, that he worked for 15 years. Actually, Mr. Deel is unable to write and his responses on the various forms were transcribed by other individuals. It is impossible at this point to know exactly how those individuals phrased questions to Mr. Deel or what his understanding of those questions might have been. Misunderstanding of the various questions in such application forms is not uncommon, even for literate persons. Indeed, the Administrative Law Judge demonstrated misunderstanding of the impact of one question on the application for "black lung" benefits in this case. (TR 15). In commenting on a certification presented by Mr. Deel in support of his claim of extended coal mine employment, (TR 34) the Law Judge made the following statement:

> A certification signed by three witnesses indicates that claimant worked at Splashdam Mines in the years 1929 to 1934; this *conflicts* to some extent with claimant's statement (in his application) that he

worked for Splashdown Mines about 1 year. The evidence of record is therefore accepted as establishing 7¼ years coal mine employment. (TR 10). (Emphasis added).

However, on the application form, it appears that Mr. Deel was asked to limit his answer as to employment history to the last 15 years he worked as a miner. The entry "Splashdown Coal Co.—about 1 year" immediately followed an entry describing employment with Harman Coal Company from 1940 to 1952. The Splashdown—one year entry can be viewed as *conflicting* with evidence of much earlier work for Splashdown only through great imagination or hasty analysis. Finally, it appears that the Law Judge disregarded all supportive materials presented by Mr. Deel in his effort to establish many years of mining employment. For example, no mention is made of the total impact of the certificates on page 34 of the record which describe coal mine employment of at least 15 years duration.

█ Obviously, evidence surrounding plaintiff's coal mine employment record is inconclusive. The Administrative Law Judge, upon the realization that length of coal mining employment was very important in this claim, could have conducted an oral hearing on her own motion and despite the purported waiver by Mr. Deel of such hearing. [20 C.F.R. § 410.647(a)]. Such a hearing, with the proper witnesses present, would have been valuable in the development of Mr. Deel's mining record. Furthermore, after an evaluation of the record, the court entertains doubt that Mr. Deel actually made a *knowing* waiver of his right to the oral hearing. This doubt is based on plaintiff's age and illiteracy, his letter on page 6 of the administrative record, and the complications created by the necessity for another person to read and explain the impact of the waiver question to the claimant.

The court concludes that proper adjudication of this case can be accomplished only through the development of additional evidence concerning Mr. Deel's employment history. Such evidence is relevant to a determination of Mr. Deel's entitlement to

the interim presumption of 20 C.F.R. § 410.-490(b)(i). Consequently, the court remands this case to the Secretary for further consideration. Upon remand, the Secretary will conduct an oral hearing as described in 20 C.F.R. § 410.640, on the petition of Mr. Deel. Furthermore, both sides will be afforded the opportunity to submit any additional relevant evidence.